# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON, | CASE NO. 1:04-CV-05464-OWW-LJO-P |
| Plaintiff, | ORDER PROVIDING DEFENDANT CATES WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |
| v. | |
| SUSIE SHAWNEGO, et al., | (Doc. 38) |
| Defendants. | |

On June 13, 2005, the Court ordered the United States Marshal to serve process upon defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On December 2, 2005, the United States Marshal filed a return of service with a USM-285 form showing charges of $176.71 for effecting personal service on defendant Cates. The form shows that a waiver of service form was mailed to defendant Cates on July 8, 2005, and that no response was received. Defendant Cates did not make an appearance in the case before personal service was executed.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

It appears that defendant Cates was given the opportunity required by Rule 4(d)(2) to waive service, but failed to comply with the request. The Court shall provide defendant with the opportunity to show good cause for failing to waive service. If defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Cates may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon defendant Cates the costs incurred in effecting service.

IT IS SO ORDERED.

**Dated:   January 4, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE