BILL LOCKYER, Attorney General
of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
DAVID A. CARRASCO
Supervising Deputy Attorney General
JOHN W. RICHES II, State Bar No. 206223
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-5915
  Fax: (916) 324-5205
Attorneys for Defendants Scribner and Cortez[1]
SA2005300905

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLES JOHNSON,<br><br>                 Plaintiff,<br><br>v.<br><br>SUSIE SHAWNEGO, et al.,,<br><br>                 Defendants. | No. 1:04-cv-5464 OWW LJO P<br><br>**DEFENDANTS SCRIBNER AND CORTEZ' NOTICE AND MOTION TO DISMISS PURSUANT TO AN AFFIRMATIVE DEFENSE UNDER UNENUMERATED RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO: Plaintiff CHARLES JOHNSON, CDCR #P-68992, in pro per:**

PLEASE TAKE NOTICE THAT defendants Scribner and Cortez move to dismiss, pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure, on the basis of their affirmative defense that plaintiff failed to exhaust his administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a).

///

---

   1. Defendant Shawnego is unserved and defendant Cates appears to have been served on October 21, 2005. Neither defendant has requested representation by the Attorney General and neither defendant is a party to this motion.

1

1   PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule
2  78-230(m), this motion is submitted on the record without oral argument unless otherwise
3  ordered by the court.
4   PLEASE TAKE FURTHER NOTICE THAT a summary of the law
5  governing plaintiff's obligations with respect to a motion to dismiss pursuant to non-
6  enumerated Rule 12(b), as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120
7  & n.14 (9th Cir. 2003), is found at paragraph 4 of the Second Informational Order
8  entered June 13, 2005.  Court Record (CR) 24.
9   This motion is based upon the records and pleadings in the instant action,
10 the attached declarations and exhibits, and the attached memorandum of points and
11 authorities.
12 DATED:  January 10, 2006
13                                              Respectfully submitted,
14                                              BILL LOCKYER, Attorney General
                                                 of the State of California
15                                              JAMES M. HUMES
                                                 Chief Assistant Attorney General
16                                              FRANCES T. GRUNDER
                                                 Senior Assistant Attorney General
17                                              DAVID A. CARRASCO
                                                 Supervising Deputy Attorney General
18
19                                              /s/ John W. Riches II
20
                                                JOHN W. RICHES II
21                                               Deputy Attorney General
22                                              Attorneys for Defendants Scribner
                                                and Cortez

# MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT

Plaintiff Charles Johnson, CDCR #P-68992, proceeding pro se, filed the operative second amended complaint on October 25, 2004, alleging under 42 U.S.C. § 1983, that both Warden Scribner and Officer Cortez violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at California State Prison -Corcoran (CSP- Cor).  CR 16.

Warden Scribner and Officer Cortez filed a separate answer, and the court set January 11, 2006 as the deadline for filing motions to dismiss for failure to exhaust the administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b).[2]  CR 27 and 35.

Accordingly, Warden Scribner and Officer Cortez now bring this post-answer motion to dismiss, pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure, on the basis of their affirmative defense that plaintiff failed to exhaust his administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a), at either the facility level or the third level.

## STANDARD FOR DISMISSAL

Non-exhaustion under § 1997e(a) is an affirmative defense.  *Wyatt,* 315 F.3d at 1119.  It is treated as a matter in abatement and brought in an unenumerated Rule 12(b) motion to dismiss rather than in a motion for summary judgment.  *Id.*  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice.  *Id.* at 1120.

---

2. On January 3, 2006, a separate scheduling order, applicable to plaintiff and defendant Cates, was issued.  The discovery and scheduling order pertaining to plaintiff and defendants Scribner and Cortez, issued on October 21, 2005, was not affected by this order.  CR 40.

# ARGUMENT

## I.

### DEFENDANTS ARE ENTITLED TO RULE 12(b) DISMISSAL BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO THESE DEFENDANTS PRIOR TO SUIT.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under § 1983, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted. In *Porter v. Nussle,* 534 U.S. 516 (2002), the U.S. Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

California provides prisoners with a grievance system that allows administrative appeals of any departmental decision, action, condition, or policy which the inmate claims has an adverse effect on his or her welfare. Ex. A ¶2; Cal. Code Regs., tit. 15, § 3084.1(a). To exhaust this process a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections. Ex. A ¶3; *Alexandroai v. Cal. Dep't of Corr.,* 985 F. Supp. 968, 969-70 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision at the Director's level of review generally satisfies the exhaustion requirement under § 1997e(a). Ex. A ¶4; *Id.* at 970.

In the Ninth Circuit, an inmate's failure to comply with the PLRA's exhaustion requirement, prior to suit, with respect to any claim mandates dismissal of that claim without prejudice. *McKinney v. Carey,* 311 F.3d 1198, 1200-01 (9th Cir. 2002). An inmate's obligation to exhaust available remedies persists as long as some remedy remains available. *Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir. 2005). *Brown* further provides that a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of

1  the relief already granted as a result of that process. *Id.* at 936 - 937. Relevant evidence
2  in so demonstrating would include statutes, regulations, and other official directives that
3  explain the scope of the administrative review process; documentary or testimonial
4  evidence from prison officials who administer the review process; and information
5  provided to the prisoner concerning the operation of the grievance procedure in this case,
6  such as in the response memoranda in these cases. *Id.* at 937.

7  Finally, in his appeal, the inmate must identify each individual against
8  whom he raises a grievance, specifically state each claim against these individuals, and
9  identify each form of relief desired. Ex. A ¶5. Failure to identify each individual, each
10 claim, or the form of relief sought results in a failure to exhaust those issues through the
11 administrative appeal process. Ex. A ¶6; *Porter,* 534 U.S. at 531 (emphasizing the
12 importance of providing prison authorities with notice and opportunity to take action
13 against staff wrongdoing before prisoner files suit).

14 Here, Johnson alleges that in October of 2002, Warden Scribner learned
15 that defendants Shawnego and Cates were violating his constitutional rights and failed to
16 take any action to prevent the violations. CR 16 ¶53. Johnson further alleges that Officer
17 Cortez retaliated against him, on or about December 14, 2002, by fabricating false safety
18 concerns with the intention of subjecting him to the risk of injury or death at the hands of
19 another inmate. *Id.* at ¶¶45-46. Warden Scribner is also sued in his supervisory capacity.
20 *Id.* at ¶48.

21 While incarcerated at CSP- Cor, Johnson submitted two appeals for review,
22 and had none screened out. Ex. B ¶4 and Attachment One. In inmate appeal Log No.
23 CSP-Cor 02-00465, submitted January 11, 2002, Johnson claimed that his legal status
24 summary did not reflect work-time credits previously earned on his sentence and
25 requesting a computation review hearing. Ex. B ¶5 and Attachment Two. This appeal is
26 irrelevant because none of the claims in this action have anything to do with Johnson's
27 good-time credit computation.
28 / / /

1      Johnson's second inmate appeal, Log No. CSP-Cor 03-01233, was submitted March 13, 2003, was processed at CSP-Folsom after his transfer from CSP-Cor as FSP 03-1079, and denied at the third level, February 17, 2004.  Ex. B ¶6 and Attachments One and Three.  This appeal deals with Johnson's allegation of employee misconduct claim that defendants Shawnego and Cates retaliated against him for his cooperation with an internal affairs investigation in which defendants Shawnego and Cates were subjects.  Ex. B ¶7 and Attachment Three.

In this appeal, Johnson does not identify either Warden Scribner or Officer Cortez as individuals against whom he raises a grievance; Johnson does not specifically state his claims against either Warden Scribner or Officer Cortez; and does not identify any form of relief desired as to either Warden Scribner or Officer Cortez.  Ex. B ¶8.  Indeed, no where in Johnson's grievance is there any allegation of employee misconduct as to either Warden Scribner or Officer Cortez.

Failure to identify each individual, each claim, or the form of relief sought results in a failure to exhaust those issues through the administrative appeal process.  Ex. A ¶6; *Porter,* 534 U.S. at 531 (emphasizing the importance of providing prison authorities with notice and opportunity to take action against staff wrongdoing before prisoner files suit).[3/]

---

3. The facts in this instance are entirely distinguishable from those in *Butler v. Adams,* 397 F.3d 1181, 1183 (9th Cir. 2005) where the inmate completed a Reasonable Modification Or Accommodation Request form which asked Butler to describe his disability, to "describe the problem" and to declare "what specific modification or accommodation is requested."  The form did not require identification of any specific persons.  The court found that in completing the form, Butler had availed himself of the administrative process the state gave him.

The court concluded that the completion of the form, followed by Butler taking all the steps of the administrative appeals process, achieved the purposes of the PLRA's exhaustion requirement as authoritatively set out in *Porter,* 534 U.S. at 524-25.

Here, Johnson expressly labeled his grievance an "Allegation of Employee Misconduct".  Ex. B Attachment 3.  Simple logic dictates that the failure to identify by name, claim, and remedy an individual against whom an allegation of employee misconduct is brought hardly satisfies *Porter's* emphasis on the importance of providing prison authorities with notice and opportunity to take action against staff wrongdoing before prisoner files suit. *Id.* at 531.

Defendants Scribner and Cortez' Notice and Motion to Dismiss

Finally, Johnson did not submit any appeals to the third level relating to his claims against either Warden Scribner or Officer Cortez. Ex. A ¶10. The only third level appeal, originating from CSP-Cor, was IAB Case No. 0305165, which was submitted on November 17, 2003, denied at the third level, on February 17, 2004. Ex. A ¶13 and Attachments 1 and 3. This appeal was resubmitted on February 20, 2004, and screened out March 17, 2004. Ex. A ¶14 and Attachments 2 and 3. This screened out appeal was the same as IAB Case No. 0305165 and dealt with the same allegation of staff misconduct on the part of Academic Instructor Shawnego. Ex. A ¶15 and Attachment 3.

Johnson's claims against both Warden Scribner and Officer Cortez would have been treated as staff misconduct complaints. Ex. B ¶9. Staff misconduct complaints are exempt from the informal process and go directly to the first level. Ex. B ¶10; Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G).

At the time his claims against both Warden Scribner and Officer Cortez accrued, Johnson was entitled to bypass the informal level and begin at the first formal level. Ex. B ¶11. Johnson did not submit a formal grievance alleging that, in October 2002, Warden Scribner learned that defendants Shawnego and Cates were violating his constitutional rights and failed to take any action to prevent the violations. Ex. B ¶12. Johnson did not submit a formal grievance alleging that Officer Cortez retaliated against him, on or about December 14, 2002, by fabricating false safety concerns. Ex. B ¶13. Johnson did not submit a formal grievance alleging that Warden Scribner failed to satisfactorily discharge his supervisory responsibilities. Ex. B ¶14.

However, at the time these claims accrued, Johnson had available to him the entire grievance process, together with applicable remedies, commencing with the first formal level, through the second formal level, and ending with the third formal level. Ex. B ¶15; *see also* Cal. Code Regs. tit. 15, § 3084.5(b), (c), and (d).

As acknowledged in *Brown,* an inmate's obligation to exhaust available remedies persists as long as some remedy remains available. *Brown,* 422 F.3d at 935. Johnson was obligated to pursue formal grievances of his claims against both Warden

Scribner and Officer Cortez. *Id.* at 935. By failing to pursue these grievances, Johnson failed to meet the primary condition precedent for pursuing his claim in federal court, to wit: exhaustion of administrate remedies.

**CONCLUSION**

Defendants Scribner and Officer Cortez are entitled to dismissal of plaintiff's claim that they violated his Eighth Amendment right to be free from cruel and unusual punishment because he failed to exhaust his administrative remedies prior to commencing this action, at either the facility level or the third level.

Johnson's sole relevant inmate appeal is an allegation of employee misconduct specifically claiming that defendants Shawnego and Cates retaliated against him for his cooperation with an internal affairs investigation in which defendants Shawnego and Cates were subjects. Nowhere in Johnson's grievance is there any allegation of employee misconduct as to either Warden Scribner or Officer Cortez.

By failing to pursue these grievances, Johnson failed to meet the primary condition precedent for pursuing his claim in federal court, to wit: exhaustion of administrate remedies as to Warden Scribner and Officer Cortez.

DATED: January 10, 2006

Respectfully submitted,

BILL LOCKYER, Attorney General
 of the State of California
JAMES M. HUMES
 Chief Assistant Attorney General
FRANCES T. GRUNDER
 Senior Assistant Attorney General
DAVID A. CARRASCO
 Supervising Deputy Attorney General

/s/ *John W. Riches, II*

JOHN W. RICHES II
 Deputy Attorney General

Attorneys for Defendants Scribner
and Cortez

30071620.wpd