UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>             Plaintiff,<br><br>     v.<br><br>SUSIE SHAWNEGO, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:04-CV-05464-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THE CLAIMS AGAINST DEFENDANTS CORTEZ AND SCRIBNER BE DISMISSED, WITHOUT PREJUDICE<br><br>(Doc. 47) |

I.   Findings and Recommendations on Defendants Cortez and Scribner's Motion to Dismiss

  A.   Procedural History

Plaintiff Charles Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed October 25, 2004, against defendants Shawnego and Cates for violation of the Free Exercise Clause of the First Amendment, defendants Shawnego and Cortez for retaliation in violation of the First Amendment, defendants Shawnego and Cates for sexually abusing plaintiff in violation of the Eighth Amendment, defendants Shawnego and Cortez for endangering plaintiff's safety in violation of the Eighth Amendment, and defendant Scribner for violating plaintiff's First and Eighth Amendment rights under a theory of supervisory liability; and against defendants Shawnego and Cates under California law for assault and battery.[1]  (Docs. 18,

---

[1] On April 15, 2005, defendant Yamamoto was dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against her. (Doc. 19.)

1

19.) On January 10, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Cortez and Scribner ("defendants") filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 47.) Plaintiff filed an opposition on March 1, 2006.[2] (Doc. 58.)

      B.      <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (citing to <u>Booth</u>, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues

///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 13, 2005. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 24.)

of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. Discussion

In his second amended complaint, plaintiff alleges that he was incarcerated at Corcoran from May 5, 2000 to April 25, 2003, and was assigned to work as a teacher's aide in the education department on February 5, 2001. Plaintiff alleges that beginning on July 9, 2001, defendants Shawnego and Cates, both female instructors at Corcoran, subjected him to repeated unwanted sexual contact. Plaintiff alleges that defendants Shawnego and Cates threatened on numerous occasions to activate their personal security alarms if plaintiff did not comply with their sexual demands. Defendant Shawnego also stated that she was close with inmates in the Mexican Mafia and Pasadena Bloods and intimate with a number of high ranking custody staff members, and threatened him with severe harm if he provided internal affairs with any information about her or defendant Cates.

On October 24, 2002, plaintiff was interviewed by internal affairs. On October 25, 2002, defendant Shawnego retaliated against plaintiff for cooperating with internal affairs by telling inmate Willie Garcia, a documented member of the Mexican Mafia, that plaintiff was a snitch. On October 28, 2002, defendant Shawnego retaliated against plaintiff for cooperating with internal affairs by telling inmate Chris Jones that plaintiff was a snitch. On December 14, 2002, defendant Cortez retaliated against plaintiff for cooperating with internal affairs by fabricating safety concerns that resulted in the removal of inmate Jones from general population with the intent to have Jones believe plaintiff had initiated a threat against Jones' life. Plaintiff alleges that on December 16, 2002, defendant Cortez told Jones that plaintiff had threatened Jones' life and was the cause of Jones' removal from general population.

Plaintiff alleges that defendant Scribner learned in October of 2002 that defendants Shawnego and Cates were sexually abusing him, but failed to take any action to stop the abuse.

Defendants Cortez and Scribner move for dismissal of the claims against them on the ground that plaintiff failed to exhaust. Defendants submit evidence that while at Corcoran, plaintiff submitted two inmate appeals, and had no appeals screened out. (Motion, Buckley Dec., ¶4.) One

3

appeal, log number CSP-Cor 02-00465, concerned time credits and is not relevant to this action. (Id., ¶5.) The other appeal, log number CSP-Cor 03-01233, is relevant to this action and was exhausted through the Director's level of review. (Id., ¶¶6, 7.) Defendants contend that the appeal grieved the alleged misconduct of defendants Shawnego and Cates, and did not grieve any alleged misconduct on the part of Cortez or Scribner. (Motion, 6:8-13.)

Plaintiff's position is that appeal log number 03-01233 exhausted his claims against defendants Cortez and Scribner. Plaintiff contends that attached to his grievance was a declaration from inmate Christopher Jones attesting to defendant Cortez's involvement in the retaliatory acts toward plaintiff. (Opp., 6:10-12.) Plaintiff contends that his appeal, including the attached declaration, triggered an internal affairs investigation, which included an interview with inmate Jones. (Id., 6:12-14.) Plaintiff contends that the interview of Jones demonstrates that prison officials received, reviewed, and acted upon the information attached to the appeal, which specifically identified defendant Cortez. (Id., 6:16-19.)

With respect to defendant Scribner, plaintiff argues that his appeal concerning employee misconduct was sufficient to satisfy the exhaustion requirement. (Id., 8:2-4.) Plaintiff contends that the investigation into his grievance allowed prison officials to gather all the facts and evidence concerning his claims, and that "[a] thorough investigation of plaintiff's allegations would have necessarily included an inquiry into who was involved in what during the identified time period." (Id., 8:11-17.) Plaintiff contends that the investigation at the first level of review was inadequate and that he pointed this out. (Id., 8:17-20.)

Plaintiff contends that pursuant to the California Department of Corrections Operations Manuel, "a staff investigation/inquiry is a systematic gathering [of] all facts and evidence concerning an allegation of misconduct," and that "[t]he Special Agent/supervisory staff shall be alert to the discovery and documentation of acts not already alleged." (Id., 8:22-28.) Plaintiff contends that at every level of review he requested that a thorough investigation be conducted, but prison officials refused, and argues that if "prison investigators complied with the procedure governing staff complaints when investigating plaintiff's complaint, they would have discovered facts relating to defendant Scribner's involvement in the events of October 2002." (Id., 9:9-15.)

4

Finally, plaintiff contends that defendant Scribner was "an integral part of the staff complaint process," and that "plaintiff submitted his grievance directly to defendant Scribner for the required investigation and granting of the requested relief," which provided Scribner with the opportunity to thoroughly investigate plaintiff's allegations, gather facts and evidence, and take corrective action. (Id., 9:20-27.) Plaintiff contends that defendant Scribner did not sustain his allegations and denied plaintiff relief at the second level of review, and that by pursuing his appeal to the third level of review, "plaintiff made defendant Scribner's personal involvement in condoning and ratifying the misconduct complained of a point of his grievance." (Id., 10:2-11.)

Plaintiff's claim against defendant Cortez arises from the incidents in mid-December of 2002, in which Cortez allegedly retaliated against plaintiff by fabricating false safety concerns to effect inmate Jones' removal from general population and then informing inmate Jones that plaintiff caused his removal from general population. (Amend. Comp., ¶¶ 45, 46.) Plaintiff's claim against defendant Scribner arises from his allegation that Scribner learned in October of 2002 that defendants Shawnego and Cates were violating his rights by sexually abusing him but failed to take any action to stop the ongoing violations. (Id., ¶53.)

Despite defendants' contention to the contrary, satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying which constitutional rights were violated by which actions or omissions. However, satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison personnel on fair notice as to the events that subsequently give rise to suit.

In his appeal, which was dated April 14, 2003, plaintiff contended that on or around March 7, 2003, he learned from another inmate that on October 25, 2002, defendant Shawnego told that inmate and other inmates that plaintiff was a snitch. (Opp., Attach. A.) Plaintiff contended that he believed the statement was made to retaliate against him for cooperating in an internal affairs investigation which involved plaintiff and defendants Shawnego and Cates, and led to Shawnego's reassignment, and that the statement was made to deliberately endanger him. (Id.) Plaintiff further contends that on March 13, 2003, defendant Shawnego caught his eye and made a slashing motion

by drawing her hand across her throat, which he interpreted as a threat. (Id.) Plaintiff contended that those acts of misconduct were a continuation of the misconduct defendants Shawnego and Cates engaged in from August 2001 through October 2002. (Id.) In pursuing his appeal to the second level of review, plaintiff contended that his complaint was being mishandled, that he was not interviewed in a timely manner, that the telephone interview was not confidential because he had to answer questions in front of a staff member, and that the lack of confidentiality comprised his ability to relay the facts. (Id.)

The court is not persuaded by plaintiff's arguments that this appeal exhausted his claims against defendants Cortez and Scribner. Plaintiff's appeal was drafted in a manner most precise and clear, identifying the acts complained of and the parties involved. This precision and clarity makes plaintiff's position that the appeal also grieved the misconduct of Cortez and Scribner all the more untenable. Although this court has never required inmates to identify each participant by name, the appeal must place prison officials on notice as to the misconduct complained of. Plaintiff's appeal does not place prison officials on notice of plaintiff's complaints that defendant Cortez retaliated against him and endangered his safety in December of 2002, or that defendant Scribner knew in October of 2002 that plaintiff's rights were being violated by Shawnego and Cates but failed to protect plaintiff by stopping the violations. Although inmate Jones' declaration, which plaintiff contends was submitted with the appeal, describes defendant Cortez's misconduct, plaintiff is the master of his appeal and bears the burden of setting forth in the appeal the actions or omissions that adversely affected him. Although plaintiff suggests that space for documenting problems is limited on the appeal form, plaintiff included an additional page of information. Based on review of the appeal form and the attached sheet, the court concludes that plaintiff could easily have added one or two sentences identifying the alleged misconduct of Cortez and Scribner and placing prison officials on notice as to the misconduct, if plaintiff had if fact intended the appeal to grieve their misconduct. (Opp. Attach. A.) Further, a review of the responses to plaintiff's appeal by prison officials does not support a finding that prison officials were placed on notice as to the alleged misconduct of Cortez and Scribner and addressed those allegations of misconduct.

///

Finally, defendant Scribner's involvement in addressing plaintiff's appeal does support a finding that the appeal grieved the alleged violation of plaintiff's rights by Scribner. As set forth in the Findings and Recommendations filed on February 25, 2005, which was adopted in full by the Honorable Oliver W. Wanger on April 15, 2005, the involvement in and resolution of plaintiff's appeal did not provide a basis upon which to impose liability under section 1983. (Doc. 18, 7:3-22.) Plaintiff's claim against defendant Scribner stems from Scribner's alleged failure to intervene when he became aware plaintiff's rights were being violated by defendants Shawnego and Cates. Exhaustion of this claim requires that plaintiff grieve the misconduct giving rise to the claim. Defendant's involvement in addressing an appeal grieving the alleged misconduct of Shawengo and Cates does not exhaust plaintiff's claim concerning defendant Scribner's separate act of alleged misconduct.

### D. Conclusion

The court finds that plaintiff's inmate appeal did not grieve the alleged misconduct of defendants Cortez and Scribner, thus entitled these defendants to dismissal of this action for failure to exhaust, without prejudice. Accordingly, it is HEREBY RECOMMENDED that defendant Cortez and Scribner's motion to dismiss plaintiff's claims against them for failure to exhaust the available administrative remedies as mandated by 42 U.S.C. § 1997e(a), filed January 10, 2006, be GRANTED and plaintiff's claims against defendants Cortez and Scribner be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 10, 2006**                             /s/ Lawrence J. O'Neill
b9ed48                                                         UNITED STATES MAGISTRATE JUDGE