1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   CHARLES JOHNSON,                    CASE NO. 1:04-cv-05464-OWW-LJO PC

10                    Plaintiff,        ORDER GRANTING IN PART AND
                                        DENYING IN PART PLAINTIFF'S MOTION
11          v.                          FOR RECONSIDERATION, AND
                                        PROVIDING THAT NO FURTHER MOTIONS
12   SUSIE SHAWNEGO, et al.,            FOR RECONSIDERATION RELATING TO
                                        FINDINGS AND RECOMMENDATIONS
13                    Defendants.       FILED MAY 10, 2006, OR ORDER FILED
                                        JUNE 26, 2006, WILL BE ENTERTAINED
14
15   _____/  (Doc. 65.)

16   I.     Order

17          A.     Procedural History

18          Plaintiff Charles Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 10, 2006, the Honorable

20   Lawrence J. O'Neill issued a Findings and Recommendations recommending that defendants

21   Scribner and Cortez's motion to dismiss for failure to exhaust be granted.  (Doc. 61.)  No objections

22   were filed within the thirty-day time period provided by Judge O'Neill and on June 26, 2006, the

23   undersigned adopted the Findings and Recommendations in full and dismissed defendants Cortez

24   and Scribner from this action.  (Doc. 62.)

25          On July 14, 2006, plaintiff filed a motion for reconsideration requesting that the order of June

26   26 be vacated on the ground that plaintiff did not receive the Findings and Recommendations and

27   was therefore unable to object.  (Doc. 65.)  In response, the Court issued an order on September 18,

28

2006, directing plaintiff to supplement his motion by setting forth his objections to the Findings and Recommendations. (Doc. 69.) After obtaining an extension of time, plaintiff filed a supplement on December 11, 2006. (Doc. 78.) Defendants Scribner and Cortez filed a reply on December 22, 2006, and plaintiff filed a surreply on January 8, 2007. (Docs. 79, 80.)

B.    Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

C.    Plaintiff's Motion for Reconsideration

Because plaintiff did not receive the Findings and Recommendations, the Court will consider his objections to the Findings and Recommendations. Only if the Court would have declined to adopt the Findings and Recommendations in whole or in part will the Court will vacate its order of June 26, 2006.

///

1    Pursuant to statutory mandate, prisoners are required to exhaust the available administrative

2    remedies prior to filing suit. 42 U.S.C. § 1997e(a); Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL

3    135890, *8 (Jan. 22, 2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

4    Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief

5    offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement

6    applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).  The

7    California Department of Corrections and Rehabilitation has an inmate appeals process for prisoner

8    complaints, Cal. Code Regs., tit. 15 § 3084.1, and in order to satisfy the exhaustion requirement,

9    California state prisoners are required to use this appeals process to exhaust their claims prior to

10   filing suit, Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

11   Judge O'Neill reviewed plaintiff's inmate appeal in its entirety and considered plaintiff's

12   argument that the appeal grieved the conduct on defendants Scribner and Cortez, but found

13   defendants were entitled to dismissal from this action because plaintiff's inmate appeal did not

14   grieve the claims against them.  Plaintiff argues that Judge O'Neill erred in concluding that the

15   appeal was insufficient to exhaust the claims against Scribner and Cortez.

16   Plaintiff is seeking to impose liability under section 1983 against defendant Cortez for

17   retaliating against him and endangering his safety in December 2002, and against defendant

18   Scribner for failing, in October 2002, to stop defendants Shawnego and Cates from violating

19   plaintiff's rights under the Eighth Amendment.  The exhaustion requirement allows "a prison to

20   address complaints about the program it administers before being subjected to suit . . . ." and "[t]he

21   level of detail necessary in a grievance" to satisfy the exhaustion requirement depends on the

22   prison's requirements, not on section 1997e(a).  Jones, 2007 WL 135890 at *12.  In this instance,

23   the applicable regulation provides that an inmate "may appeal any departmental decision, action,

24   condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Tit.

25   15, § 3084.1(a).  The form inmates are required to utilize requests that the inmate describe the

26   problem and set forth the action requested.  Id. at § 3084.2(a); Doc. 65, Exhibit B.

27   Despite plaintiff's contention otherwise, Judge O'Neill did not impose upon plaintiff a

28   requirement that plaintiff name all the defendants in his inmate appeal and did not find that because

3

1  plaintiff failed to specifically name all the defendants, he failed to exhaust.  The appeal form does

2  not require specific identification and this Court has never required specific identification.  See

3  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (reasonable modification/accommodation

4  form did not require identification of specific individuals).  Judge O'Neill acknowledged as much

5  and stated that "the appeal[, however,] must place prison officials on notice as to the misconduct

6  complained of."  (Doc. 61, 6:12-13.)  In reviewing the contents of the appeal and reaching the

7  determination that the appeal did not grieve the conduct of Cortez, Judge O'Neill discussed

8  plaintiff's failure to name Cortez in the appeal and plaintiff's failure to set forth Cortez's misconduct

9  in the appeal.  Rather than imposing a requirement that plaintiff name all the defendants in the

10  appeal, Judge O'Neill considered the record, which included the contents of the appeal and the

11  prison officials' response to the appeal, and made his determination.

12     The other arguments made by plaintiff in his objections were addressed by Judge O'Neill.

13  Plaintiff disagrees with the conclusions drawn by the judge.  However, despite plaintiff's contention

14  to the contrary, the judge did not ignore plaintiff's evidence.  Rather, he considered the evidence

15  submitted by plaintiff and concluded that the appeal did not exhaust plaintiff's claims against

16  defendant Cortez and defendant Scribner.  In accordance with the provisions of 28 U.S.C. § 636

17  (b)(1)(C), this Court has conducted a de novo review of the case.  Having carefully reviewed the

18  entire file, the Court finds that the Findings and Recommendations are supported by the record and

19  proper analysis.

20     D.     Conclusion and Order

21     Based on the foregoing, it is HEREBY ORDERED that:

22     1.     Plaintiff's motion for reconsideration, filed July 14, 2006, is GRANTED to the extent

23           that this Court has considered his objections to Judge O'Neill's Findings and

24           Recommendations, but DENIED with prejudice to the extent it seeks to set aside the

25           order adopting the Findings and Recommendations; and

26  ///

27  ///

28  ///

4

1      2.    No further motions for reconsideration relating to the Findings and

2  Recommendations filed on May 102, 2006, or this Court's order filed June 26, 2006,

3  will be entertained.

5  IT IS SO ORDERED.

6  **Dated:**   **February 7, 2007**              **/s/ Oliver W. Wanger**
emm0d6                     UNITED STATES DISTRICT JUDGE