# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSIE SHAWNEGO, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05464-OWW-LJO PC<br><br>ORDER EXTENDING APPLICATION OF DISCOVERY AND SCHEDULING ORDER FILED ON JULY 18, 2006, TO DEFENDANT CATES<br><br>(Doc. 66)<br><br>ORDER DENYING DEFENDANT CATES' MOTION TO DISMISS FOR FAILURE TO EXHAUST<br><br>(Doc. 70) |

I.　Defendant Cates' Motion to Dismiss

　　A.　Procedural History

Plaintiff Charles Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed October 25, 2004, against defendants Shawnego and Cates for violation of the Free Exercise Clause of the First Amendment, against defendant Shawnego for retaliation in violation of the First Amendment, defendants Shawnego and Cates for sexually abusing plaintiff in violation of the Eighth Amendment, against defendant Shawnego for

///
///
///

1

1 endangering plaintiff's safety in violation of the Eighth Amendment; and against defendants
2 Shawnego and Cates under California law for assault and battery.[1]
3      On September 18, 2006, defendant Susan Dean aka Susan Cates ("defendant") filed a motion
4 to dismiss for failure to exhaust. (Doc. 70.) Plaintiff filed an opposition on December 4, 2006, and
5 defendant filed a reply on January 10, 2007.[2] (Docs. 77, 81.)

6      B.    Timeliness of Motion

7      Plaintiff opposes defendant's motion in part on the ground that it is untimely under the
8 Court's scheduling order. Defendant argues that her motion was timely under the scheduling order
9 filed July 18, 2006, that the July 18 scheduling order superceded any earlier scheduling orders, and
10 that she was not served with the earlier scheduling order referenced by plaintiff.

11      Defendant filed an answer on December 27, 2005, and the Court issued a scheduling order
12 applicable to defendant and plaintiff on January 3, 2006. (Docs. 39, 40.) Pursuant to that scheduling
13 order, the deadline for filing unenumerated Rule 12(b) motions was March 29, 2006. (Doc. 40.)
14 Subsequently, defendant Shawnego, the final defendant to be served, filed an answer on July 7, 2006,
15 and a scheduling order applicable to her and to plaintiff was filed on July 18, 2006. (Docs. 65, 66.)
16 The unenumerated Rule 12(b) motion deadline set forth in that order was September 18, 2006. (Doc.
17 66.)

18      The scheduling order filed on January 3, 2006, was intended to apply to defendant Cates and
19 under that scheduling order, the applicable deadline was March 29, 2006, making defendant's motion
20 untimely. However, a review of the record reflects that defendant is correct that the scheduling order
21 was never served on her. Defendant may not be bound by deadlines in an order she was not served
22 with, as due process requires notice. Further, the scheduling order issued on July 18, 2006,
23 applicable to defendant Shawnego, contained an editing error in footnote two. As a result, the
24 footnote read, "This order is applicable to plaintiff and defendant Cates." (Doc. 66.) Under these

---

[1] On April 15, 2005, defendant Yamamoto was dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against her, and on June 26, 2006, defendants Cortez and Scribner were dismissed from this action based on plaintiff's failure to exhaust his claims against them. (Docs. 19, 62.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 13, 2005. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 24.)

1  circumstances there is no choice but to extend application of the deadlines set forth in the scheduling
2  order filed July 18, 2006, to defendant Cates. As a result, defendant Cates' motion to dismiss is
3  timely and will be considered.

4        C.      <u>Legal Standard</u>

5  Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust the available
6  administrative remedies prior to filing suit. <u>Jones v. Bock</u>, Nos. 05-7058, 05-7142, 2007 WL
7  135890, at *8 (Jan. 22, 2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).
8  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief
9  offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement
10 applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). The
11 California Department of Corrections and Rehabilitation has an inmate appeals process for prisoner
12 complaints, Cal. Code Regs., tit. 15 § 3084.1, and in order to satisfy the exhaustion requirement,
13 California state prisoners are required to use this appeals process to exhaust their claims prior to
14 filing suit, <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

15 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
16 defense under which defendants have the burden of raising and proving the absence of exhaustion.
17 <u>Jones v. Bock</u>, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing <u>Porter</u>, 435
18 U.S. at 524); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust
19 nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule
20 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l</u>
21 <u>Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In
22 deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
23 beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court
24 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
25 dismissal without prejudice. <u>Id</u>.

26       D.      <u>Discussion</u>

27 Plaintiff, a Jehovah's witness, alleges he was assigned as a teacher's aide at California State
28 Prison-Corcoran and beginning on July 9, 2001, defendant Cates, an instructor at the prison,

3

subjected him to repeated unwanted sexual contact.  This alleged sexual abuse is the basis of plaintiff's claims against defendant for violation of the Eighth Amendment, the Free Exercise Clause of the First Amendment, and California law.

Defendant argues that plaintiff did not pursue a formal grievance against her and she is entitled to dismissal of the claims against her.  Defendant contends that appeal log number CSP-COR-03-01233, which became FSP-03-0179 following plaintiff's transfer from Corcoran to Folsom, was denied at the third and final level of review on February 17, 2004.  Defendant contends that the appeal grieves retaliatory conduct against him for cooperating with internal affairs.  Defendant contends that there is no retaliation claim pending against her in this action and the final response does not address any acts or omissions by her.  In support of her motion, defendant submits a copy of the third level decision.

Plaintiff contends that defendant paints only a portion of the picture by submitting the third level decision, but not the appeal itself.  Plaintiff contends that he specifically complained in the grievance about the misconduct of defendant at issue in this action

At issue in this motion is the same inmate appeal addressed in the motion to dismiss brought by defendants Scribner and Cortez, which was granted.  In the appeal, plaintiff stated that on or around March 7, 2003, he learned defendant Shawnego told other inmates he was a snitch on October 25, 2002, and plaintiff believed she made the statement to retaliate against him for cooperating in the internal affairs investigation under which plaintiff and defendants Shawnego and Cates were subjects and which caused Shawnego's reassignment.  (Opp., Ex. A.)  Plaintiff also stated that he believed Shawnego intended to subject him to death or injury at the hands of other inmates.  (Id.)  Plaintiff stated that on March 13, 2003, defendant made a slashing motion across her throat when she made eye contact with plaintiff.  (Id.)  On the supplemental page of the appeal, plaintiff wrote, "The aforementioned acts of misconduct are a continuation of a pattern of misconduct engaged in by S. Shawnego, and S. Cates from August 2001 thru October 2002. A series of misconduct in which I was routinely subjected to threats against my safety and program status, and repeated sexual assaults. Said acts of misconduct were violative of section 3401.5(2), (3)(c)(e) of the Director's Rules, sections 240 and 287.6 of the Cal. Penal Code, and the state and federal

1  Constitutional prohibition against cruel and unusual punishment." (Id.) Plaintiff then proceeded to
2  again discuss the retaliatory actions of defendant Shawnego. (Id.) As relief, plaintiff sought a formal
3  misconduct investigation, a transfer to protect him against further retaliation by Shawnego or her
4  associates, personnel action be taken against Shawnego, and money damages. (Id.)

5        The exhaustion requirement allows "a prison to address complaints about the program it
6  administers before being subjected to suit . . . ." and "[t]he level of detail necessary in a grievance"
7  to satisfy the exhaustion requirement depends on the prison's requirements, not on section 1997e(a).
8  Jones, 2007 WL 135890, at *12. In this instance, the applicable regulation provides that an inmate
9  "may appeal any departmental decision, action, condition, or policy which they can demonstrate as
10 having an adverse effect upon their welfare." Tit. 15, § 3084.1(a). The form inmates are required
11 to utilize requests that the inmate describe the problem and set forth the action requested. Id. at §
12 3084.2(a); Doc. 65, Exhibit B.

13       The Court rejects defendant's apparent argument that plaintiff was required to identify each
14 individual and set forth each legal claim against each individual, including relief sought, in order to
15 satisfy the exhaustion requirement. That level of detail simply is not required unless the prison
16 grievance process itself commands it, which it does not in California. Tit. 15, § 3084.1(a); Jones,
17 2007 WL 135890, at *12; Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (reasonable
18 modification/accommodation form did not require identification of specific individuals). Plaintiff's
19 inmate appeal, which did in fact identify defendant Cates by name despite that not being a
20 prerequisite to exhaustion, set forth the allegation that defendants Shawnego and Cates sexually
21 abused plaintiff and set forth the applicable time frame. The Court finds that plaintiff's appeal was
22 sufficient to satisfy the exhaustion requirement in that it placed prison officials on notice as to the
23 misconduct, thereby allowing them to take any action they saw fit to take, and plaintiff pursued his
24 appeal through the final level of review. Section 1997e(a) demands no more.
25 ///
26 ///
27 ///
28 ///

E.   <u>Conclusion</u>

Based on the foregoing, the Court finds that plaintiff exhausted his claims against defendant Cates arising from the incidents of alleged sexual abuse. As a result, defendant's motion to dismiss, filed September 18, 2006, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:   February 12, 2007**          /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES DISTRICT JUDGE