# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>SUSIE SHAWNEGO, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:04-cv-05464-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 90)<br><br>OBJECTIONS DUE WITHIN ELEVEN DAYS |

Plaintiff Charles Johnson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 24, 2007, the court issued a scheduling order requiring plaintiff to file his pre-trial statement on or before August 6, 2007. (Doc. 90.) After plaintiff notified the court of an address change on June 1, 2007, the order was re-served on plaintiff at his new address on July 6, 2007, but returned by the United States Postal Service as undeliverable on July 20, 2007. (Docs. 91, 93.) A notation on the envelope stated "attempted not know." (Doc. 93.) However, service at plaintiff's address of record with the court is deemed effective, Local Rule 83-182(f). Plaintiff has not complied with the court's order to file a pre-trial statement.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

      In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to file a pre-trial statement expressly stated: "The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include

///

1 dismissal of the action or entry of default." Thus, plaintiff had adequate warning that dismissal
2 would result from his noncompliance with the court's order.
3     Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with
4 prejudice, based on plaintiff's failure to obey the court's order of May 24, 2007, and failure to
5 prosecute.
6     These Findings and Recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **eleven (11)**
8 **days** after being served with these Findings and Recommendations, plaintiff may file written
9 objections with the court. Such a document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
12 1153 (9th Cir. 1991).
13
14     IT IS SO ORDERED.
15     **Dated:   August 8, 2007**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28